FREEMAN M. VILAS, RESPONDENT, *v.* THE NEW YORK CENTRAL INSURANCE COMPANY, APPELLANT.

*Policy of insurance — application for to one company — effect of, in construing subsequent policy of another company, issued through the same agent.*

In April, 1870, a policy of insurance was issued to the plaintiff by the Westchester Fire Insurance Company, upon an application drawn up by the agent of that company and signed by the plaintiff. Upon the expiration of that policy a new one was issued by the defendant upon the same premises and through the same agent, who retained the application until after the destruction of the premises by fire, when it was sent to the defendant. Such application was never on file in the office of the defendant, nor was it shown that its contents ever came to the knowledge of the home office, the only reference thereto in the policy being the addition, after the statement of the amount and property insured, of the words "as per application No. 1,234."

The policy provided that the "survey, description and representations shall be taken and deemed to be a part of this policy, and a warranty on the part of the insured." *Held,* that the application in question could not be regarded as the survey or application referred to in the policy of the defendant, and that the statements contained therein did not constitute a part of the contract or a warranty on the part of the insured.

The application stated that the plaintiff held the premises under a contract. *Held,* that this was sufficient notice to the defendant that he did not have an absolute unincumbered title to the premises, and that the fact that he subsequently took a deed thereof did not prejudice any rights of the defendant.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

The action was brought to recover the amount of a policy of insurance issued by the defendant. The policy contained, among others, the following provisions:

"CONDITIONS OF INSURANCE.

"I. Applicants for insurance by this company must state  *  *  * the position, construction and materials of all contiguous buildings,

and the purposes for which they are occupied; the exact nature of the applicant's title if less than fee simple or absolute ownership; the nature and amount of all incumbrances upon the property; the cash value of the building or other property proposed to be insured, and such survey, description and representations shall be taken and deemed to be a part of this policy and a warranty on the part of the insured. * * * And a false description or representation by the assured or any concealment or omission to make known any fact or feature material to the risk, or an over-valuation of the property, shall render this policy absolutely void."

The defendant moved for a nonsuit on the ground that certain statements contained in what is insisted was a survey and description of the premises, furnished by the plaintiff at the time of the issuing of the policy, were false. The motion was denied, and subsequently the court directed a verdict in favor of the plaintiff.

*W. E. Hughitt,* for the appellant.

*G. H. Beckwith,* for the respondent.

BOARDMAN, J.:

Questions of law only are involved in this appeal from the judgment against the defendant. (*Winchell* v. *Hicks,* 18 N. Y., 558.) Every controverted or doubtful question of fact is held to have been admitted by the defendant, by his neglect to ask for the submission of the same to the jury. (Id.)

The alleged error consists in the denial of the defendant's motion for a nonsuit upon the grounds stated.

The motion was founded chiefly upon the force and construction to be given to the application admitted in evidence. It is true we cannot question the propriety of the admission of that evidence upon the plaintiff's exception. It must be treated as evidence properly in the case. While that is true, it does not necessarily follow that the defense is justified in giving it the force and effect claimed upon the motion.

The application was made by plaintiff in April, 1870, for an insurance for one year in the Westchester Insurance Company. By its terms it does not warrant the statements therein contained to be

true, nor does the diagram on the back of the application purport to have been made by the plaintiff, nor is there any evidence that he ever saw it. In fact, the directions of the Westchester Insurance Company indorsed upon, and accompanying the paper, require *agents* to draw the diagram. He must have done it, since the plaintiff swears it was not done by him. It is also true that the agent of said insurance company drew up, or filled in the application, as it was finally signed by plaintiff, and the agent was more fully and better informed as to the property than plaintiff. The same agent who filled in the application, and made the diagram, acted for defendant when this policy in suit was issued. This application remained in the hands of the agents of the two companies until after the fire, when it was sent to the defendant. The only reference to this application in the policy is after the statement of amount and the property insured, stating its location, and adding " As per application No. 1,234." Plaintiff's application was never on file in the office of the defendant, nor did its contents ever come to the knowledge of its home office, so far as appears.

Under these facts the application, if properly in evidence at all, which must be conceded, was competent only for the purpose of identifying the property insured. It cannot be regarded as the survey or application mentioned in the printed conditions annexed to the policy; it did not make the other statements therein a part of the contract. The application had never been in the office of the defendant. There is no evidence that the parties contracted with reference to or in consideration of this application. Indeed, the plaintiff swears that no other representations were made at the time of obtaining this policy, than those contained in his letter to defendant's agents, of April 20, 1871, and, as we have seen, defendant had no knowledge of the application. The application, therefore, though evidence of some things such as the condition and description of the property insured at the time it bears date, will not be held a warranty under and by virtue of a policy of insurance issued long after, by a different company from that to which it was addressed. (*Clinton* v. *Hope Ins. Co.*, 45 N. Y., 462–464.)

If there was no warranty, it remains to be seen whether there was any fraud or intentional misrepresentation on the part of the plaintiff, to the prejudice of the defendant. It is not clear that

such a claim is made; but, if so, it was a fact to be found by the jury. As the defendant made no request for such submission, the fact will be presumed against it; but, in any event, the authorities upon the facts of this case are fatal to the defendant. (*Insurance Co.* v. *Wilkinson*, 13 Wall., 222; *Maher* v. *Hibernian Ins. Co.*, 6 Hun, 353; *In re Universal Non-Tariff Fire Ins. Co.*, 12 Eng. Rep., 846; L. R., 19 Eq. Cas., 485; *Rowley* v. *Emp. Ins. Co.*, 36 N. Y., 550; *Bodine* v. *Exch. Ins. Co.*, 51 id., 117; *Plumb* v. *Cattaraugus County Mut. Ins. Co.*, 18 id., 392.)

If the application was evidence for any purpose, it informed the defendant of the nature of plaintiff's title at its date; that is, that it was held by contract. This was sufficient notice to defendant that plaintiff did not have an absolute, unincumbered legal title to the premises. The change of tenure, by taking a deed, did not prejudice any right of the defendant. If the company desired to know the extent of the incumbrance, it was its duty to inquire. (*McCulloch* v. *Norwood*, 58 N. Y., 562, 572.)

It is claimed that the premises were vacant more than thirty days in the spring of 1872, and hence under the conditions of the policy the defendant was not liable. The evidence does not clearly, if at all, sustain such claim. According to Taylor's evidence Moore went into possession in the spring or summer of 1871, and continued in possession until the fire, in November, 1872. Dake says "Young went out before Moore came in. Can't say whether the spring before the fire or the spring before that. Don't think Moore was there a year." Flanders gives no indication of the time when Moore went in. I find no other evidence on this subject. From such evidence it does not satisfactorily appear that the premises were vacant in 1872. At any rate it is a question of fact, and not of law, and for the reasons first herein stated cannot be argued here. Beside no such defense was interposed by the answer, and for aught that appears, the motion for a nonsuit on that ground may have very properly been denied, because not pleaded.

The judgment should be affirmed with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.